

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/29/2012

| In re: | § | |
|---|---|---|
| | § | Case No. 10-35763-H4-7 |
| JACK B. STOUT III & | § | |
| ROBIN K. STOUT, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |

### MEMORANDUM OPINION REGARDING TRUSTEE'S
### OBJECTION TO CLAIM NO. 3
[Docket No. 128]

### I. INTRODUCTION

John Orth (Orth) filed a proof of claim (the Proof of Claim) in the above-referenced Chapter 7 case (this Case). In support of the Proof of Claim, Orth attached a promissory note (the Note) executed by Nexus Solutions, Inc. (Nexus). David Askanase, the Chapter 7 trustee in this Case (the Trustee), filed an objection to the Proof of Claim under 11 U.S.C. § 502(b)[1] on the grounds that Nexus executed the Note, and that Jack and Robin Stout (the Debtors) neither executed nor guaranteed the Note. On June 19, 2012, this Court held a hearing on the issue and then took the matter under advisement.

Based upon the entire record, the Court now makes the following written findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any finding of fact is construed as a conclusion of law, it is adopted as such; and to the extent any conclusion of law is construed as a finding of fact, it is also adopted as such.

---

[1] Any reference to "the Code" refers to the United States Bankruptcy Code, and reference to any section (i.e. §) refers to a section in 11 U.S.C., which is the United States Bankruptcy Code unless otherwise noted. Further, any reference to "the Bankruptcy Rules" refers to the Federal Rules of Bankruptcy Procedure.

1

## II. FINDINGS OF FACT

1. Jack Stout (Stout) and Orth are close friends. [Tape Recording, 06/19/2012 Hearing at 11:57:49 a.m.]. When Stout experienced financial difficulties, he asked Orth for a $60,000.00 loan. [Tape Recording, 06/19/2012 Hearing at 12:09:56 p.m.]. Stout told Orth he needed the money "on a short term basis." [Tape Recording, 06/19/2012 Hearing at 11:58:50 a.m.].

2. On April 13, 2007, Orth wire transferred the amount of $60,000.00 from his Fidelity Investments account to the Debtors' personal account at Bank of America. [Orth's Ex. No. 2]; [Tape Recording, 06/19/2012 Hearing at 12:11:48 p.m.].

3. Bank of America posted the $60,000.00 on the same day to the Debtors' personal account. [Orth's Ex. No. 3].

4. On the same day, Stout delivered the Note to Orth. [Askanase's Ex. No. 1]. The Note promised to pay the amount of $60,000.00 on or before June 13, 2007, i.e. sixty days from the issue date, plus accrued, unpaid interest at a monthly rate of 2.00%, or 24.00% *per annum.* *Id.* Stout signed his name on the Note below the words "Jack Stout, President, Nexus Solutions, Inc." *Id.*

5. Although the Note contains "April 13, 2006" as the signature date, Stout testified that this was an error and that he actually signed the Note on April 13, 2007. [Tape Recording, 06/19/2012 Hearing at 12:11:48 p.m.].

6. Stout is the president and sole owner of Nexus, and the corporation was his only source of income. [Tape Recording, 06/19/2012 Hearing at 12:15:30 p.m.].

7. Stout actually told Orth that Orth's loan was a loan to him (i.e. Stout) personally. [Tape Recording, 06/19/2012 Hearing at 12:12:49 p.m.]. Stout never suggested to Orth that the funds loaned by Orth constituted a loan to Nexus. *Id.*

2

8. Stout used some of the $60,000.00 to pay for personal expenses, and he infused some of the funds into Nexus. [Tape Recording, 06/19/2012 Hearing at 12:14:58 p.m.].

9. On July 06, 2010, the Debtors filed a voluntary Chapter 7 bankruptcy petition.

10. On September 10, 2010, Orth filed his Proof of Claim in this Case for "money loaned" with a principal amount of $60,000.00 and accrued interest of $58,800.00, for a total of $118,800.00.[2] [Orth's Ex. No. 1]. Orth attached the Note to the Proof of Claim. *Id.*

11. On May 15, 2012, the Trustee, filed an objection to the Proof of Claim. [Askanase's Ex. No. 2]. He objects to the claim on the following grounds: "[t]he claim is for a Promissory Note executed by Nexus. There is nothing to indicate that the debt was guaranteed by one or both of the joint debtors." *Id.*

12. On June 19, 2012, this Court held a hearing on the issue and then took the matter under advisement.

### III. CREDIBILITY OF WITNESSES

Three witnesses testified during the hearing: (1) the Trustee; (2) Orth; and (3) Stout. Set forth below are the Court's findings concerning the credibility of these witnesses.

**1. David Askanase (the Trustee)**

Askanase testified about his objection to the Proof of Claim. The Court finds Askanase to be a credible witness, and gives substantial weight to his testimony.

**2. John Orth (the Creditor)**

Orth testified about the circumstances under which he loaned $60,000.00 to Stout. The Court finds Orth to be a credible witness, and gives substantial weight to his testimony.

---

[2] Notwithstanding the $58,800.00 in accrued interest listed on the Proof of Claim, Orth is only seeking repayment of the principal amount of $60,000.00.

3

### 3. Jack Stout (one of the Debtors)

Stout testified about the circumstances concerning the $60,000.00 loan provided by Orth. The Court finds Stout to be a credible witness and gives substantial weight to his testimony.

## IV. CONCLUSIONS OF LAW

### A. Jurisdiction, Venue, and Constitutional Authority to Sign a Final Order

#### 1. Jurisdiction

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O), and the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *De Montaigu v. Ginther (In re Ginther Trusts)*, Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance").

#### 2. Venue

Venue is proper pursuant to 28 U.S.C. § 1408.

#### 3. Constitutional Authority

The Supreme Court's decision in *Stern v. Marshall* recognized certain limitations on bankruptcy courts' authority to enter a final order. 131 S.Ct. 2594 (2011). The undersigned bankruptcy judge therefore provides analysis of his constitutional authority to enter a final judgment. In *Stern*, the debtor filed a counterclaim based solely on state law, and the resolution

of this counterclaim did not resolve the validity, or invalidity, of the claim held by the defendant. Here, the Trustee filed an objection to a proof of claim, under an express bankruptcy statute, § 502(b), requesting this Court to issue an order that a claim filed by a creditor be disallowed; thus, unlike *Stern,* here the validity or invalidity of Orth's claim is necessarily being determined. For these reasons, this Court concludes that *Stern* is inapposite, and therefore this Court has constitutional authority to enter a final order in this dispute.

**B. The Court must Look at Texas Law to Determine whether the Claim can be Allowed.**

If a party properly objects to a claim, the Court, after notice and a hearing, will decide whether the claim can be allowed, and if so, in what amount. 11 U.S.C. § 502(b). Under § 502(b)(1) the Court shall allow the claim unless it is "unenforceable against the debtor and property of the debtor, under agreement or applicable law for a reason other than the because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Thus, in the case at bar, the Court will allow Orth's claim if it is enforceable against the Debtors under applicable state law. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 452-53 (2007). The Court will therefore review Texas law to determine whether Orth's claim is enforceable against the Debtors.

**C. Under Texas law, Orth Can Enforce his Claim against the Debtors.**

1. <u>Under Texas Law, a Promissory Note Signed by an Officer of a Corporation is Only *Prima Facie* Proof That the Officer who Signed the Note is not Personally Liable, but this Presumption May be Overcome by the Parties who Assert That the Officer is Personally Liable.</u>

Under Texas law, if a representative signs his name on a document, and his signature is an authorized signature of the represented person, the representative is not personally liable on the instrument if " the form of the signature shows unambiguously that the signature is made on

5

behalf of the represented person who is identified in the instrument." TEX. BUS. & COM. CODE ANN. § 3.402 (Vernon 2002). In other words, "if the note contains the name of an organization followed by the name of an authorized individual, plus his office, there is a *prima facie* showing that the individual signed in a representative capacity, and is thus not personally liable on the note." *Wolf v. Little John Corp. of Liberia*, 585 S.W.2d 774, 776 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). In *Wolf v. Little John Corp. of Liberia*, the defendant, who was president of a corporation, signed a note with the name of his corporation, his name, and his title. *Id.* at 777. The court held this evidence was *prima facie* proof that he signed the note in a representative capacity, and the plaintiff had the burden to prove otherwise. *Id.*

In the dispute at bar, the Trustee has made a *prima facie* showing that the debt owed to Orth is an obligation of Nexus, not Stout. After all, Stout is the president and sole owner of Nexus [Finding of Fact No. 6], and he is therefore authorized to sign on behalf of his corporation. Like the note in *Wolf*, the Note here contains the name of a corporation (Nexus Solutions, Inc.), the name of an authorized individual (Jack Stout), and his office (President). *Wolf*, 585 S.W.2d at 776; [Finding of Fact No. 4]. These circumstances certainly constitute *prima facie* evidence that Stout signed the Note as a representative of Nexus and is therefore not personally liable on the Note. *Wolf*, 585 S.W.2d at 777. But *prima facie* proof means only there is a rebuttable presumption that Stout is not personally liable on the Note. The burden shifts to Orth, the holder of the Note, to rebut this presumption.

2. <u>Orth Has Overcome the Presumption that Nexus, and not Stout, Is Liable to Orth.</u>

This Court concludes that Orth has satisfied this burden and overcome the presumption. Stout asked Orth to loan to him, individually, the money and not to Nexus. [Finding of Fact No. 7]. Stout confirmed he told that Orth he, individually, would be paying back the money. *Id.*

Stout further testified that he used some of the money for personal expenses. [Finding of Fact No. 8]. Moreover, Orth wired the money to the Debtors' personal account at Bank of America [Finding of Fact No. 2], not to Nexus' corporate account. The Court finds that this evidence is sufficient to rebut the presumption that Stout is not personally liable to Orth. This Court concludes Orth can enforce his claim against the Debtors because Stout is personally liable to him.

Alternatively, section 3.117 of the Texas Business and Commerce Code "allows oral or written agreements to modify or nullify apparent obligations" on a note. TEX. BUS. & COM. CODE ANN. § 3.402 cmt. 2 (Vernon 2002). ; TEX. BUS. & COM. CODE ANN. § 3.117 (Vernon 2002). The evidence establishes that Orth and Stout orally agreed that Orth was loaning the money to Stout, individually, and not to Nexus, and that Stout would pay back the money to Orth. [Finding of Fact No. 7]. Because section 3.117 of the Texas Business and Commerce Code allows the Court to give full weight to this oral agreement, the Court finds that Stout and Orth intended for Stout to be personally liable to Orth. Considering that Orth loaned the $60,000.00 to Stout personally and not to Nexus, Orth can therefore enforce this obligation against the Debtors and their Chapter 7 estate. Stated differently, because the intentions of Stout and Orth were that Orth's loan would be to Stout personally, section 3.117 of the Texas Business and Commerce Code allows this Court to modify the Note by replacing the words "Nexus Solutions, Inc." with the words "Jack Stout" on the first line of the Note, and deleting the words "President" and "Nexus Solutions, Inc." above the signature line on the Note where Stout signed his name.

3. The Trustee's Argument That the Statute of Frauds Bars Orth from Enforcing his Agreement with Stout is Unavailing.

Contrary to the Trustee's argument, [Tape Recording, 06/19/2012 Hearing at 12:19:24 p.m.], the Statute of Frauds does not bar enforcement of the agreement entered into between Stout and Orth. The Statute of Frauds requires certain agreements to be in writing and signed by the person to be charged, in order to be enforceable. TEX. BUS. & COM. CODE ANN. § 26.01(a) (Vernon 2002). An agreement that cannot be performed within one year of the date of the agreement must be in writing. *Id.* But an agreement that may conceivably be performed within a year, no matter how improbable such performance may be, does not fall within the Statute of Frauds. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Orth and Stout contemplated a short-term loan–indeed, Orth testified that Stout needed the money on a "short term" basis. [Finding of Fact No. 1], and at the time Orth made the loan, neither he nor Stout believed that Stout could not repay the money within that period of time. *See* [Finding of Fact No. 1]. A short term loan is defined as a loan, "the terms of repayment for which are one year or less." 19 C.F.R. § 351.102 (2008). Furthermore, Stout gave Orth the Note, payable sixty days from the issue date [Finding of Fact No. 4], which underscores that Stout intended to repay the loan within sixty days—i.e. within one year. For all these reasons, the Statute of Frauds does not require that the obligation of Stout to repay the loan to Orth be in writing.

Another type of agreement that must be in writing is the promise to answer for the debt of another. TEX. BUS. & COM. CODE ANN. § 26.01(a) (Vernon 2002). It does not apply here because Stout orally assumed primary liability for the loan, not a guaranty liability. Stout and Orth entered into an oral, enforceable loan agreement, and if anything, the subsequent Note was an enforceable promise by Nexus to guarantee Stout's debt.

8

Because Orth can enforce his claim against Stout personally under Texas law, this Court overrules the Trustee's objection to the Proof of Claim and allows the claim.

## V. Conclusion

A rebuttable presumption is just that: a point that is considered true until proven to be false. Under Texas law, Orth has the burden to prove that he could enforce his claim against Stout, personally. Orth has met this burden by introducing evidence of an enforceable loan agreement between Orth and Stout. The Court therefore allows the Proof of Claim in this Case.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry of this Opinion.

Signed on this 29th day of June, 2012.

_____
Jeff Bohm
Chief United States Bankruptcy Judge